WADELL JOHNSON *v.* STATE OF ARKANSAS

5688                                    477 S.W. 2d 196

Opinion delivered March 6, 1972

*Sam L. Anderson,* for appellant.

*Ray Thornton,* Attorney General; *John D. Bridgforth,* for appellee.

CONLEY BYRD, Justice. The trial court sitting as a jury found appellant Wadell Johnson guilty of burglary and fixed his sentence at seven years. For reversal he contends that his conviction is not supported by the evidence and that the trial court erred in refusing to permit him to recall the prosecuting witness for cross-examination.

The proof on behalf of the prosecuting witness, a female age 30, was that she was asleep in her apartment

between 9:00 and 10:00 a.m. on January 18, 1970. At the time she was dressed in a night gown and underpants. She was awakened when appellant jumped in the middle of the bed straddling her. He covered her face with a housecoat and said: "Lay still and be quiet. Don't make any noise. If you don't, I won't hurt you as bad. If you do, I'll kill you." After she turned on her stomach he cut her panties off and stuck a lighted match to her bottom. When appellant attempted to turn a radio on beside the bed, she threw the duster off her head and looked at him. Appellant then beat her on the head with a heavy object to such an extent that she was hospitalized for a week or so. After appellant jumped up and ran out the back door, she found that the locks had been pried off the back door. Witness positively identified appellant.

By Ark. Stat. Ann. § 41-1001 (Repl. 1964), burglary is defined as ". . . the unlawful breaking or entering a house. . . with the intent to commit any felony. . . ." The foregoing evidence is amply sufficient to sustain the conviction.

There is no merit in appellant's contention that the trial court erred in refusing to permit him to recall the prosecuting witness for cross-examination. The trial court did permit him to call the prosecuting witness as a hostile witness. Thus he was permitted to ask the same questions that he could have asked on cross-examination.

Affirmed.

FOGLEMAN, J., concurs.